UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHN MARTZ,

                              Petitioner,

          v.                                                                    9:21-CV-0045
                                                                                (DNH)
JULIE WALCOTT, Superintendent,
Orleans Correctional Facility,

                              Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

JOHN MARTZ
16-A-2417
Petitioner, pro se
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se petitioner John Martz ("Martz" or "petitioner") seeks federal habeas relief

pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651(a).  Dkt. No. 1, Petition

("Pet.").[1]  The petition was originally filed in the Western District of New York and, on January

14, 2021, it was transferred to this Court.  Dkt. No. 2, Transfer Order.

Martz indicates that he presently has a habeas action pending in this Court, which

challenges a 2018 judgment of conviction in Hamilton County, upon a guilty plea, of first

degree criminal sexual act and first degree sexual abuse.  *See Martz v. Walcott*, No. 9:20-

_____

[1]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

CV-0620 (DNH/TWD) ("*Martz I*"), Dkt. No. 1, Petition, at 2; *accord People v. Martz*, 181 A.D.3d 979, 979-80 (3rd Dep't 2020).

Most recently, in *Martz I*, petitioner filed a letter motion seeking to compel the Clerk's Office to properly serve the petition, as well as other filings and notifications, in the action. *Martz I*, Dkt. No. 17, Letter Motion. The Court denied the motion, indicating that "[t]he Clerk's Office ha[d] complied with all federal and local rules. The case [was] now fully briefed. The petition w[ould] be reviewed in due course [and n]o further submissions [were] required." *Martz I*, Dkt. No. 18, Text Order dated 12/11/20 ("December Order").

Martz explains that the petition filed in this case "is in tandem with the pending petition for a writ of habeas corpus [in *Martz I*]," Pet. at 1, and that "[t]he validity of [his] conviction on the Hamilton County felonies is not at issue here," *id.* at 2. Instead, petitioner raises the present petition, "in aid of the Jurisdiction in the pending writ of habeas corpus [in *Martz I*]." *Id.* Petitioner repeats his arguments from his motion to compel, that the Clerk's Office did not properly serve the petition or other filings in the case. *Id.* at 3-5, 7.

Specifically, "petitioner ha[s] not been electronically notified, and the respondent ha[s] not electronically filed the[ir] answer, therefore the issues are not joined," which results in "the proceedings [being] void, for a want of jurisdiction." *Id.* at 6-7. Consequently, "petitioner is now being illegally detained b[ased] upon a void pending Federal Order for a writ of habeas corpus . . . [in *Martz I*]." *Id.* at 3.

Martz argues that the All Writs Act, in conjunction with Sections 2254 and 2241, allows "all lower Court[s] discretionary authority to release a prisoner who is unlawfully imprisoned, and illegal[ly] detained by a core writ of habeas corpus." *Id.* at 5. This is a necessary

invocation because, petitioner contends, this Court "lacks jurisdiction over [*Martz I*], and is in need of aid of Jurisdiction . . . [pursuant to] the [A]ll [W]rit[s A]ct, . . . for [petitioner's] immediate release from custody." *Id.* at 7.

"The All Writs Act, 28 U.S.C. § 1651(a), provides that the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aide of their respective jurisdictions and agreeable to the usages and principles of law." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks and citations omitted).

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.  Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bur. of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

Liberally construed, Martz's present petition argues that this Court's December Order in *Martz I* – an order denying a non-dispositive motion – effectively deprived this Court of jurisdiction to decide *Martz I* and required a different court, pursuant to the All Writs Act, to intervene to provide him with the relief he requested in *Martz I*.  Petitioner is incorrect.

Upon review, this argument is rejected.  The All Writs Act is inapplicable and a new petition is inappropriate because it is essentially duplicative of *Martz I*.  Indeed, petitioner ultimately seeks the same relief in this petition as he already did in *Martz I*—immediate release from state custody.  Pet. at 3, 7.

"The traditional purpose of habeas corpus" is to seek "immediate or more speedy

3

release" from custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).  There are three

federal statutes specifically addressing an individual seeking federal habeas relief, 28 U.S.C.

§§ 2241, 2254 & 2255.  Accordingly, the All Writs Act is inapplicable because there are

already three statutes which specifically address the relief petitioner requests.  *Pennsylvania*

*Bur.*, 474 U.S. at 43.

In fact, Martz has acknowledged two of those statutes in this petition.  Section 2241

provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge

within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(a),(c)(3).  That section generally permits federal prisoners to challenge the execution of

a sentence, including the computation of the sentence and parole decisions, rather than the

imposition of that sentence or the underlying federal conviction under section 2255.  *Cook v.*

*New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

State prisoners, in contrast, must bring challenges both to the execution of a sentence

and to underlying convictions under section 2254, which governs petitions filed by "a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

*accord, Cook*, 321 F.3d at 278.

Notably, Martz contends that he is not challenging his 2018 Hamilton County

convictions.  Pet. at 3, 7.  However, he is still seeking immediate release from state

custody.  Furthermore, there is nothing to support petitioner's conclusory allegations that the

December Order in *Martz I* transformed him from an inmate in state custody to one in federal

custody.  That is simply untrue.  Petitioner is a state prisoner seeking immediate release from

state custody.  Accordingly, the present petition must be brought pursuant to § 2254.  28

U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

It is well-settled that "[a]s part of its general power to administer its docket, a district

court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v.*

*Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district

courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative

litigation.").

"The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the

'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co.*

*v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  "The doctrine is also meant to

protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.*

(quoting *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991)).  The district court has broad

discretion in determining whether an action should be dismissed as duplicative, and the

exercise of this power is reviewed by the Court of Appeals for abuse of discretion.  *See*

*generally Lopez v. Ferguson*, 361 Fed. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of

action as duplicative of a pending class action as to which plaintiff fell within the certified

class).

Martz's pending petition is duplicative.  Petitioner indicated that he already has a

habeas petition pending, *Martz I.*  Pet. at 1.  Both petitions request relief from petitioner's

present state custody as the result of his 2018 criminal conviction.  *Compare* Pet. at 3, 7 *with*

*Martz I*, Petition at 10.  While petitioner attempts to confuse the issues by claiming a

jurisdictional problem, his arguments are baseless.  Instead, it appears petitioner filed a new

action attempting to get the same relief which he was recently denied in *Martz I*.  The All Writs Act cannot be used to avoid outcomes that are "inconvenient" for litigants. *Pennsylvania Bur.*, 474 U.S. at 43.

Martz is advised that he **may not** file multiple petitions challenging the same conviction.  Rather, he must allow the action filed as *Martz I* to proceed to a determination of its merits, as he was previously advised in the Court's December Order.  Accordingly, this action will be dismissed.

Therefore, it is

ORDERED that

1.  The petition, Dkt. No. 1, is **DISMISSED** without prejudice as a duplicate of petitioner's pending petition in *Martz I*, 9:20-CV-0620 (DNH); and

2.  The Clerk of the Court shall serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

Dated:  January 26, 2021
       Utica, New York.

United States District Judge